1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

PATRICK OWEN MADSEN,

10

Petitioner,

11

v.

12

RENEE BAKER, et al.,

13

Respondents.

Case No. 3:14-cv-00573-MMD-WGC

ORDER

14
15
16
17
18

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court are respondents' motion to dismiss (ECF No. 8), respondents' motion to strike (ECF No. 19), and petitioner's motion for the entry of default (ECF No. 20).

19

I.    PROCEDURAL HISTORY

20
21
22
23
24
25
26

Following a two-day trial in the Seventh Judicial District Court for the State of Nevada, a jury found petitioner guilty of two counts of sexual assault with a minor under fourteen years of age and two counts of lewdness with a child under the age of fourteen. (Exhs. 32, 33.)[1] On February 8, 2008, the court sentenced petitioner on the sexual assault counts to life with the possibility of parole after twenty years. (Exh. 38.) On the lewdness counts, the court sentenced petitioner to life with the possibility of parole after ten years. (*Id.*) The judgment of conviction was filed on February 8, 2008.

27
28

---

[1]The exhibits referenced in this order are found in the Court's record at ECF Nos. 9-14.

1   (Exh. 36.) The court filed an amended judgment of conviction on February 12, 2008, to

2   add credit for time served. (Exh. 39.)

3          Petitioner appealed the judgment of conviction, which was assigned Nevada

4   Supreme Court Case No. 51270. (Exh. 42.) On December 14, 2009, the Nevada

5   Supreme Court filed an order of reversal and remand. (Exh. 70.) The Nevada Supreme

6   Court held: "We conclude error because the district court admitted hearsay and double

7   hearsay, the district court admitted bad act evidence, and cumulative error warrants a

8   new trial. We reverse the judgment of the district court and remand for further

9   proceedings consistent with this opinion." (*Id.*, at 2.) Remittitur issued on January 8,

10  2010. (Exh. 71.)

11         Following a second trial, the jury again found petitioner guilty of the same four

12  counts. (Exhs. 99, 100.) On September 30, 2010, the court sentenced petitioner on the

13  sexual assault counts to life with the possibility of parole after twenty years, and on the

14  lewdness counts, to life with the possibility of parole after ten years. (Exh. 108.) All

15  counts ran concurrent to one another. (*Id.*) The judgment of conviction was issued on

16  October 7, 2010. (Exh. 109.)

17         Petitioner appealed, which was assigned Nevada Supreme Court Case No.

18  57068. (Exh. 111.) On July 14, 2011, the Nevada Supreme Court filed its order affirming

19  in part, reversing in part, and remanding. (Exh. 120.) The Nevada Supreme Court

20  affirmed petitioner's convictions for two counts of lewdness with a child under the age of

21  fourteen. The court vacated the two convictions for sexual assault with a minor under

22  fourteen years of age. (*Id.* at at 2-3.) Remittitur issued on August 8, 2011. (Exh. 121.)

23         On remand, the State filed a petition for leave to dismiss the criminal information

24  as to the sexual assault charges. (Exh. 123.) The state district court granted the petition

25  and dismissed the two sexual assault charges. (Exh. 126.)

26         On July 3, 2012, petitioner filed a *pro per* petition for a writ of mandamus with the

27  Nevada Supreme Court, which was assigned Case No. 61201. (Exh. 136.) The Court

28  ///

2

declined to exercise original jurisdiction over the matter and denied the petition on September 12, 2012. (Exh. 138.) Remittitur issued on October 9, 2012. (Exh. 139.)

On July 20, 2012, petitioner, acting in *pro per*, filed a post-conviction habeas petition in the state district court. (Exh. 137.) On December 3, 2012, petitioner filed an amended habeas petition in the state district court. (Exh. 141.) The state district court denied the amended petition by order filed October 8, 2013. (Exh. 142.)

Petitioner appealed the denial of his post-conviction habeas petition, filed as Nevada Supreme Court Case No. 64677. (Exh. 143.) On May 13, 2014, the Nevada Supreme Court affirmed the denial of the petition. (Exh. 150.) Remittitur issued on May 13, 2014. (Exh. 151.)

On June 11, 2014, petitioner filed a *pro per* state habeas petition directly with the Nevada Supreme Court, Case No. 65845. (Exh. 153.) The Nevada Supreme Court declined to exercise original jurisdiction and denied the petition on July 23, 2014. (Exh. 154.) The notice in lieu of remittitur issued on October 23, 2014. (Exh. 156.)

Petitioner dispatched his federal habeas petition to this Court on November 4, 2014. (ECF No. 6 at 1.) Respondents have filed a motion to dismiss the petition. (ECF No. 8.) Petitioner filed a response to the motion to dismiss. (ECF No. 16.) Respondents filed a reply. (ECF No. 17.) Additionally, petitioner has filed a notice consisting of a request for admissions and interrogatories. (ECF No. 18.) Respondents have filed a motion to strike petitioner's notice. (ECF No. 19.) Petitioner has also filed a motion for entry of default in this case. (ECF No. 20.) Respondents have opposed petitioner's motion for the entry of default. (ECF No. 21.)

## II.    DISCUSSION

### A.    Motion to Strike

Respondents seek to strike petitioner's notice consisting of a request for admissions and interrogatories. (ECF No. 19.) It appears that petitioner intended his filing (ECF No. 18) to be a motion to compel discovery. In habeas corpus actions, discovery is regulated by Rule 6 of the Rules Governing Section 2254 Cases. Rule 6

provides that discovery in habeas corpus actions may be invoked only after obtaining leave of court and upon a showing of good cause. Rule 6(a) states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) states: "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6, Rules Governing Section 2254 Cases. "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (citations omitted). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant. Rather, discovery is available only in the discretion of the court and for good cause shown . . . ." *Rich v. Calderon*, 187 F.3d at 1068 (citing *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997) and Rule 6(a) of the Rules Governing Section 2254 Cases). Good cause to conduct discovery in a habeas action is based on several factors: (1) the request must be grounded on specific and demonstrable facts; (2) the request must establish a logical and direct nexus between the discovery sought and the claims pending before the court; (3) there must be real and factual evidence that the petitioner can point to in order to establish that the claims in the petition have a basis in fact and are more than mere speculation; and (4) the discovery request must be narrowly tailored to obtain specific and identifiable items. *Bracy v. Gramley*, 520 U.S. at 905-909. In the instant case, petitioner has not shown good cause to conduct discovery. Respondents' motion to strike petitioner's discovery requests is granted.

### B. Motion for Entry of Default

Petitioner has filed a motion for entry of default in this case. (ECF No. 20.) Respondents oppose petitioner's motion. (ECF No. 21.) As respondents point out, they have appeared and have actively defended against the federal habeas petition in this action, making the entry of default inappropriate. *See* Rule 55(a) (default judgment is

4

appropriate only when a party "has failed to plead or otherwise defend"). To the extent that petitioner's motion is construed as a motion seeking default judgment, it is settled law that default judgments are not available in federal habeas corpus. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *see also Townsend v. Sain*, 372 U.S. 293, 312 (1963). Petitioner's motion for the entry of default is denied.

### C. Motion to Dismiss

Respondents contend that petitioner's claims are unexhausted. (ECF No. 8.) Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case, the Nevada Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

### 1. Ground 1

In Ground 1 of the federal petition, petitioner alleges: "1st and 2nd trial counsel refused to investigate facts/evidence of the case, relying on State's version." (ECF No. 6, at p. 4.) In his first state habeas petition, petitioner raised several claims of ineffective assistance of counsel. (Exh. 141, at Grounds 1-7, 18-20, 23-25.) In the federal petition, petitioner raises new factual allegations of ineffective assistance of counsel not

1    previously presented in his first state habeas petition. Petitioner now alleges that he did

2    not make a confession to police as the police testified to, that counsel failed to object to

3    hearsay regarding the confession, and that police offered no tapes or proof to support

4    their testimony. (ECF No. 6 at 4.) Petitioner raised a similar allegation in his state

5    habeas petition, however, that challenge was to appellate counsel's failure to raise his

6    claim on direct appeal, not trial counsel's actions. (Exh. 141, at Ground 8.) Ground 1 is

7    unexhausted because it contains new factual allegations not raised in petitioner's first

8    state habeas petition.

9            In his opposition, petitioner argues that he exhausted the grounds of his federal

10   habeas petition in his petition for a writ of mandamus filed in the Nevada Supreme

11   Court. (ECF No. 16 3-5, citing Exh. 136.) The petition for extraordinary writ fails to

12   exhaust any grounds of the federal petition. If a petitioner presents a claim for the first

13   and only time in a procedural context in which its merits will not be considered absent

14   special circumstances, the petitioner has not fairly presented the claim to the state

15   courts. *Castille v. Peoples*, 489 U.S. 346 (1989); *see also Roettgen v. Copeland*, 33

16   F.3d 36, 38 (9th Cir. 1994). A state may mandate a particular procedure to be used to

17   the exclusion of other avenues for seeking relief, so long as the right of review is not

18   foreclosed or unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). In

19   such states, presenting an issue to the state's highest court by way of a statutorily

20   deviating path will not exhaust state remedies. *Id.* Nevada has set forth a particular

21   procedure for presentation of claims. Nevada Revised Statutes 34.738 requires claims

22   for a post-conviction habeas petition to be filed in the first instance with the state district

23   court. The Nevada Supreme Court regularly declines consideration of claims presented

24   for the first time on appeal, or in a brief other than the opening brief on appeal of the

25   denial of a state habeas petition. *See Singer v. Chase Manhattan Bank,* 111 Nev. 289,

26   292, 890 F.2d 1305, 1307 (1995). In the instant case, petitioner filed a petition for a writ

27   of mandamus in the Nevada Supreme Court. (Exh. 136.) The Nevada Supreme Court

28   declined to exercise original jurisdiction and denied the petition. (Exh. 138.) As such,

petitioner may not demonstrate exhaustion with issues raised in his petition for a writ of mandamus. Because petitioner raised several new allegations in Ground 1 of the federal petition that he did not present as ineffective assistance claims in his first state habeas petition, Ground 1 of the federal petition is unexhausted.

### 2. Ground 2

In Ground 2 of the federal petition, petitioner alleges: "District Court was previously corrected on Madsen's 1st appeal . . . pertaining to bad acts evidence and hearsay evidence & double H.E. Here, the District Court again allowed police to testify to an alleged confession by Madsen without any evidence." (ECF No. 6 at 6.) Petitioner alleges that the district court erred in admitting bad act evidence and hearsay evidence following the Nevada Supreme Court's order remanding the matter based on the same evidence. Petitioner claims that trial counsel failed to file motions or pursue certain investigation. Petitioner alleges that the state district court erred in allowing a jury instruction on a consent defense. (*Id.*)

In his first state habeas petition, in Ground 21, petitioner claimed the state district court erred when it allowed the admission of his confession without supporting evidence. (Exh. 141 at 12.) In Ground 26, petitioner also referred to the jury instruction regarding consent. (*Id.* at 13.) Petitioner did not, however, refer to any of the other factual allegations contained in Ground 6 of the federal petition, rendering the petition unexhausted.

Respondents also assert that petitioner cited no federal legal authority in his first state habeas petition. (ECF No. 8 at 10:14.) In his opposition, petitioner points out that he cited the Due Process Clause of the Fifth Amendment in several grounds of his first state habeas petition. (ECF No. 16 at 6.) Petitioner also argues that he exhausted Ground 2 of the federal petition in Grounds 10, 11, 15, 16, and 21 of his first state habeas petition. (*Id.*) In Ground 10 of the first state petition, petitioner alleged the State knowingly used the perjured testimony of the victim. (Exh. 141 at 9.) In Ground 11, petitioner presented a conclusory allegation that the State failed to disclose favorable

evidence. (*Id.*) In Ground 15, petitioner alleged that the State made erroneous statements in its answering brief on direct appeal of the first trial. (*Id.* at 10.) In Ground 16, petitioner alleges that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it withheld the record of the police interviews with the victim and petitioner. However, Ground 16 contained no reference to facts raised in Ground 2 of the federal habeas petition, including subpoenas duces tecum, the actions of a previous investigator, the district court's failure to grant a mistrial "out of spite," the presentation of case law at sentencing, and that the State's arguments were not state law. (ECF No. 6 at 5.) Ground 2 of the federal petition is unexhausted based on its presentation of new factual allegations that were not presented in his first state habeas petition.

Finally, petitioner refers to Ground 3 of his *pro per* opening brief submitted to the Nevada Supreme Court (Exh. 148) and Ground 11 of his second state habeas petition filed directly with the Nevada Supreme Court (Exh. 153.) Exhaustion may not be effectuated through a procedurally defective means. *See Castille*, 489 U.S. at 351; *see also Roettgen*, 33 F.3d at 38; *Turner*, 827 F.2d at 528-29. A claim is not fairly presented unless the petitioner follows the state procedural law to raise his claim in an appropriate manner. *Id.*

Regarding the *pro per* opening brief that petitioner submitted on appeal of the denial of his first state habeas petition, the Nevada Supreme Court did not file the brief. (Exh. 148; see also Exh. 146 at 1.) In the order of affirmance, the Nevada Supreme Court found:

> We have reviewed all documents that appellant has submitted in proper person to the clerk of the court in this matter and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

(Exh. 150 at 9, n.2.) To the extent that petitioner did not previously present his claim in his first state habeas petition, but instead raised it for the first time in his pro per opening brief, the claim was presented to the Nevada Supreme Court in a procedural context in

1   which the merits would not be considered absent special circumstances. Therefore,

2   petitioner failed to fairly present the claims contained in his *pro per* opening brief, to the

3   extent they were not previously presented in the first state habeas petition.

4       Regarding petitioner's second state habeas petition filed directly with the Nevada

5   Supreme Court (Exh. 153), the Nevada Supreme Court declined to exercise jurisdiction

6   over the petition and denied the same. (Exh. 154.) Petitioner failed to comply with the

7   proper state procedural law regarding his state habeas petition, as contained in NRS

8   34.738 *et seq.* Petitioner failed to fairly present his claims in the second state habeas

9   petition and therefore cannot rely on that petition to exhaust his federal claims.

10      In summary, Ground 2 is unexhausted because petitioner presents new factual

11  allegations not properly presented to the Nevada Supreme Court.

12          **3.      Ground 3**

13      Petitioner alleges: "Madsen wrote several letters to (Public Defenders) appellant

14  attorney requesting specific issues be addressed and concerns to the District Attorney

15  telling the Nevada Supreme Court on direct appeal (No. 51207) that Madsen admitted

16  to sexual intercourse <u>after</u> the police showed him DNA evidence." (ECF No. 6 at 8.)

17  Petitioner raises several factual allegations concerning ineffective assistance of

18  appellate counsel. (*Id.*)

19      In Ground 8 of his first state habeas petition, petitioner alleged that appellate

20  counsel failed to communicate with him during the direct appeal and failed to challenge

21  the State's claim of a confession. (Exh. 141 at 8.) In Ground 22, petitioner also alleged

22  that appellate counsel failed to contact him following the Nevada Supreme Court's

23  second order on remand, and failed to communicate with him regarding his request that

24  counsel oppose the State's dismissal of the two sexual assault counts, and force the

25  State to hold a third trial. (*Id.* at 12.)

26      In his federal petition, at Ground 3, petitioner alleges that he wrote to his

27  appellate counsel several times. (ECF No. 6 at 8.) Aside from this allegation, petitioner

28  raised the remaining factual allegations of Ground 3 of the federal petition within other

grounds of his state habeas petition which addressed different substantive claims. For example, petitioner alleged that the State knowingly presented perjured testimony regarding petitioner's confession and DNA evidence. (Exh. 141 at 9, 12, 13.) Petitioner cannot rely on substantive claims raised in his first state habeas petition which did not address ineffective assistance of appellate counsel to exhaust Ground 3 of the federal petition. Claims of trial error and claims of ineffective assistance of counsel are based on different legal theories and are reviewed under different standards, and the presentation of one does not serve to exhaust the other. *See Rose v. Palmateer*, 395 P.3d 1108, 1112 (9th Cir. 2005); *see also Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002); *Kelly v. Small*, 315 F.3d 1063, 1068 n.2 (9th Cir. 2003), *overruled on other grounds by Robbins v. Cary*, 481 F.3d 1143 (9th Cir. 2007) (petitioner must set forth ineffective assistance of counsel claims as an independent constitutional claim to provide the state court a full and fair opportunity to act on it.). Ground 3 of the federal petition alleges ineffective assistance of appellate counsel, but includes factual allegations that were raised in the context of other substantive claims. As such, Ground 3 of the federal petition is unexhausted.

### 4.   Ground 4

In Ground 4 of the federal petition, petitioner alleges: "The Nevada Supreme Court affirmed a lewdness with a minor conviction (two counts) based on their opinion 'Madsen also admitted to the police that he had sex with the victim." (ECF No. 6 at 10.) On direct appeal after his second trial, petitioner alleged there was insufficient evidence of his guilt. (Exh. 115 at 4-6.) Respondents argue that while the federal petition alleges that the court rejected his jury instruction regarding the admissibility of evidence and burden shifting, his opening brief on direct appeal did not contain such a claim. (ECF No. 8 at 12.) However, petitioner's opening brief on direct appeal did contain a claim that the trial court failed to give his proposed jury instruction, which "reflected that the age limitations on sexual assault are statutory enhancements, not elements of a crime, and allowed the jury to consider the aspects of the victim's consent to sexual activity."

(Exh. 115 at 11.) The Court finds that petitioner has exhausted Ground 4 of the federal habeas petition.

### 5.   Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that Grounds 1, 2 and 3 of the federal petition are unexhausted, but Ground 4 is exhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

2.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.   He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See id.*; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### III.   CONCLUSION

It is therefore ordered that respondents' motion to strike petitioner's discovery requests (ECF No. 19) is granted. The Clerk will strike petitioner's discovery requests, filed at ECF No. 18.

It is further ordered that petitioner's motion for entry of default (ECF No. 20) is denied.

It is further ordered that respondents' motion to dismiss (ECF No. 8) is granted in part and denied in part, as follows: Grounds 1, 2 and 3 of the federal petition are unexhausted, but Ground 4 is exhausted.

It is further ordered that petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining ground for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 9th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE